

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-24-00067-CV

IN RE TJ BOLT CONSTRUCTION LLC, ET AL.

Original Mandamus Proceeding

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

## MEMORANDUM OPINION

Relators, TJ Bolt Construction, LLC, David Bolt, and Teddy Joe Bolt, have filed a petition for a writ of mandamus asking this Court to direct the Honorable Robert Rolston, sitting by assignment in the Fifth Judicial District Court of Cass County, Texas, to vacate a "Temporary Restraining Order & Order Setting Hearing" issued on October 4, 2024.[1]  Because the temporary restraining order has expired, we dismiss this proceeding as moot.

Relators sought mandamus relief from the temporary restraining order issued on October 4, 2024.  A temporary restraining order expires by its own terms, which may not exceed fourteen days.  TEX. R. CIV. P. 680.  Although the order may be extended, it must be extended before the date it expires, as provided in the order.  *Id.*  After it expires, the order cannot be extended.  *In re City of Beaumont*, No. 09-23-00011-CV, 2023 WL 2422503, at *2 (Tex. App.—Beaumont Mar. 9, 2023, orig. proceeding) (mem. op.) (per curiam); *In re Hallas*, No. 03-22-00413-CV, 2022 WL 3650090, at *1 (Tex. App.—Austin Aug. 25, 2022, orig. proceeding) (mem. op.).

In this case, the temporary restraining order provided that it "expire[d] on Oct[ober] 16, 2024."  The mandamus record does not show that the order was extended before it expired on October 16.[2]  As a result, the temporary restraining order expired by its own terms on that date. *In re Abbott*, No. 01-21-00440-CV, 2021 WL 5056616, at *1 (Tex. App.—Houston [1st Dist.] Nov. 2, 2021, orig. proceeding) (mem. op.) (per curiam).  Because the temporary restraining

---

[1]Relators also filed a motion for emergency relief, which we granted.

[2]The Real Parties in Interest filed a response to the mandamus petition.  The Relators and the Real Parties in Interest each filed an appendix.  *See* TEX. R. APP. P. 52.3(k), 52.7(a), (b).

order has expired, the petition "has been rendered moot." *Id.* (citing *In re Cornyn*, 27 S.W.3d 327, 331 n.11 (Tex. App.—Houston [1st Dist.] 2000, orig. proceeding).

Accordingly, we dismiss the petition for a writ of mandamus as moot.

Scott E. Stevens
Chief Justice

Date Submitted:     October 30, 2024
Date Decided:       October 31, 2024